**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

DAYVON SOSTRE,

                              Petitioner,

    v.                                                                                              9:21-CV-0207
                                                                                         (GLS/DJS)

ORLEANS CORRECTIONAL FACILITY
SUPERINTENDENT K. CROWLEY,

                              Respondent.

---

**APPEARANCES:**                                                                         **OF COUNSEL:**

DAYVON SOSTRE
Petitioner *Pro Se*
17-A-1624
Riverview Correctional Facility
PO Box 247
Ogdensburg, New York 13669

HON. LETITIA JAMES                                                            PAUL B. LYONS, ESQ.
Attorney for Respondent                                                        Assistant Attorney General
New York State Attorney General
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION & ORDER**

**I. INTRODUCTION**

Petitioner Dayvon Sostre seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."). The Court directed Respondent to answer the Petition. Dkt. No. 8, Decision and Order ("February Order"). Respondent requested, and was granted, permission to limit the answer to timeliness. Dkt. No. 13, Motion; Dkt. No. 14, Text Order.

Respondent opposed the Petition as untimely. Dkt. No. 17, Memorandum of Law in Opposition; Dkt. No. 18, State Court Records ("SCR"); Dkt. No. 19, Declaration. Petitioner opposes dismissal of the Petition as untimely. Dkt. No. 21, Response. Respondent then filed an amended declaration, attaching exhibits that had previously been referenced but unintentionally omitted from the submission. Dkt. No. 22, Amended Declaration; Dkt. No. 23, Letter. Respondent also responded to Petitioner's reply. Dkt. No. 24, Reply in Further Support of Opposition.

In light of the amended declaration, the Court provided Petitioner with an additional opportunity to file a second reply. Dkt. No. 25, Text Order. Petitioner timely filed one. Dkt. No. 26, Traverse. Respondent filed a letter brief in response. Dkt. No. 27, Response. For the reasons which follow, it is recommended that the Petition be dismissed as untimely.

## II. BACKGROUND

### A. State Court Proceedings

Following a jury trial in Albany County, Petitioner was found guilty of criminal possession of a weapon and criminal possession of a controlled substance. *People v. Sostre*, 172 A.D.3d 1623 (3rd Dep't 2019). Petitioner was sentenced to a ten year term of imprisonment to be followed by a five year supervised release period on the weapons charge and a concurrent definite sentence of one year on the drug charge. *Id.* at 1624.

Petitioner filed a counseled brief and appendix on direct appeal with the New York State Appellate Division, Third Department. SCR at 93-302.[1] The People filed an opposition. SCR at 303-402. On May 16, 2019, the Third Department affirmed the judgment of conviction. SCR at

---

[1] With the exception of the State Court Record, Dkt. No. 18, which is consecutively paginated and Bates-stamped in the lower right hand corner of each page, citations to the parties' filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

403-409; *accord* Pet. at 5; *People v. Sostre*, 172 A.D.3d at 1628. Petitioner sought leave to appeal to the New York State Court of Appeals. SCR at 410-419. On August 2, 2019, the Court of Appeals denied the application. SCR at 420; *People v. Sostre*, 34 N.Y.3d 938 (2019). Petitioner did not file a petition for a writ of certiorari or any other collateral challenge to his state court conviction.

### B. Federal Proceedings

The first and last pages of the present habeas petition were signed by a notary and dated August 13, 2020. Pet. at 1, 21. While Petitioner included a procedural history of his state court proceedings, he did not include information regarding the date which he provided his Petition to prison officials for mailing. *See* Pet. at 5.

The envelope that the Petition arrived in indicated that it was sent via certified mail, with a tracking number of "7018 3090 0001 7094 7657". Pet. at 22. The date on the postage is November 19, 2020. *Id.* Both the Petition and the envelope were received by the District Court on November 23, 2020.[2] *Id.* at 1, 22.

### III. HABEAS PETITION

Petitioner challenges his 2017 judgment of conviction in Albany County. Pet. at 3, 5; *accord People v. Sostre*, 172 A.D.3d 1623. Petitioner contends that he is entitled to federal habeas relief because (1) law enforcement unlawfully stopped and searched him in violation of his Fourth Amendment rights, Pet. at 6-11; (2) Petitioner's conviction was not supported by legally sufficient evidence and the jury verdict was against the weight of the evidence, *id.* at 11-15; and (3) Petitioner's trial counsel was constitutionally ineffective, *id.* at 16-20.

---

[2] The Petition was initially filed in the United States District Court for the Western District of New York; however, the action was transferred to this Court on February 22, 2021. Dkt. Entry dated 2/18/21 (noting case was reopened and subsequently transferred); Dkt. No. 6, Transfer Order; Dkt. No. 7.

## IV. DISCUSSION

### A. The Petition Is Untimely.

The AEDPA established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 & n.9 (2012).[3] In New York, that period is thirty days. *Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002) (citing N.Y. CPL § 460.10(1)).

The Third Department affirmed Petitioner's conviction on direct appeal, and the New York Court of Appeals denied Petitioner's application for leave to appeal on August 2, 2019. *People v. Sostre*, 34 N.Y.3d 938 (2019). He did not seek a writ of certiorari, and thus his conviction became final ninety days later, on October 31, 2019. Pet. at 5; *Gonzalez v. Thaler*, 565 U.S. at 149-150. Petitioner therefore had until October 30, 2020, to timely file a federal habeas petition.

The question before the Court is when Petitioner filed the instant action. If Petitioner is deemed to have filed the action on the date the Petition was notarized, August 13, 2020, then the Petition is timely. However, if the action is deemed filed on the date the certified mail tracking number was produced, November 18, 2020, then the action is untimely.

Under the prison "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988). "[I]n

---

[3] Other dates which may trigger running of the limitations period are: the date on which an impediment to filing an application created by state action in violation of the U.S. Constitution or laws is removed, if the applicant was prevented from filing by such action; the date on which the constitutional right on which the petitioner bases his habeas application was initially recognized by the Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; and the date on which the factual predicate of the claim(s) presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(B)-(D).

the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing." *Hardy v. Conway*, 162 F. Appx. 61, 62 (2d Cir. 2006). In *Hardy*, the record was "ambiguous" as to when petitioner provided his petition to prison officials; therefore, the case was remanded for fact-finding to determine when prison officials received said petition. *Id.* at 63.

Here, the record is not ambiguous. Respondent has provided the declaration of Deana Bakowski, the mail room supervisor at Orleans Correctional Facility. *See* Dkt. No. 22 at 1-3, Bakowski Declaration ("Bakowski Decl.").[4] Prison records indicated that, on November 18, 2020, Petitioner requested "that the envelope be sent via certified mail and that the postage be deducted from his prison 'inmate account.'" Bakowski Decl. ¶ 8. Petitioner completed paperwork "requesting that his inmate account be debited in the amount of $6.40 to pay for 'Certified Mail (Postage)' on an envelope addressed to 'United State District Court WDNY' in Buffalo." Bakowski Decl. ¶ 8; Dkt. No. 22 at 29. The request was approved by the Orleans Correctional Business Office the following day. Bakowski Decl. ¶ 8; Dkt. No. 22 at 29. Further, according to the United States Postal Service Firm Mailing Book for Accountable Mail, Petitioner mailed, via certified mail, an envelope to the Western District Court in Buffalo on November 19, 2020, with the tracking number 7018 3090 0001 7094 7657. Bakowski Decl. ¶ 9; Dkt. No. 22 at 31.

While the Petition itself does not indicate the date that it was filed with prison officials, facility paperwork indicates that Petitioner requested that the Petition be sent by certified mail on November 18, 2020. Bakowski Decl. ¶ 8. Petitioner relies on the fact that a notary signed and dated

---

[4] An identical copy of the Declaration was filed, Dkt. No. 19, however, it did not include the relevant exhibits as attachments, which precipitated the Amended Declaration, Dkt. No. 22, to which this Order cites.

the Petition in August; however, that is not the relevant test for determining when prison officials received the Petition. Contrary evidence indicates that the Petition was provided months after it was notarized.

Bakowski also indicated that she "investigated this matter and found no record of prison mail being lost or delayed during the relevant period." Bakowski Decl. ¶ 11. Furthermore, Petitioner did not file any grievances or complaints about lost or delayed outgoing mail. *Id.*

Petitioner has filed several responses to the aforementioned declaration, positing several different and unrelated explanations. In the first, Petitioner contends that he "did in fact complete his petition . . . on August 13, 2020, and further, he did deposit his completed petition, with requisite postage and labels, into the facility mailbox." Dkt. No. 21 at 1. Petitioner explains that because of the ongoing COVID-19 pandemic, facility lockdowns "greatly hindered [his] ability to access the Law Library to avail himself of it's [*sic*] resources[.]" *Id.* at 1-2. Petitioner contends that prior to the pandemic, legal mail was given to a corrections officer at the law library; however, due to staffing shortages as a result of the pandemic, Petitioner was instead forced to deposit his mail into the dorm mailbox. *Id.* at 2. Petitioner surmises that the facility held his material for three months, for no appreciable reason, and that he was "under the impression that his papers were served and that his delay in receiving the certified mail receipt was due to disruption in the mail delivery system caused by the pandemic." *Id.* at 2-3.

However, Petitioner's response does not provide anything more than unsupported conclusory assertions. Prison and mail records, along with the Petition's envelope, present contrary evidence rebutting the presumption that prison officials received the petition on the day it was notarized. *Hardy v. Conway*, 162 Fed. Appx. at 62. Petitioner fails to explain why the disbursement request

receipt was dated on November 18, 2020. In light of the clear record regarding the actual mailing of the Petition, the Court recommends finding that the Petition is untimely.

### B. Petitioner Has Failed to Demonstrate That He Is Entitled to Equitable Tolling

AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Second Circuit has "set a high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling." *Dillon v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011). A petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida,* 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008). "A petitioner may secure equitable tolling of the limitations period in certain rare and exceptional circumstances." *Martinez v. Superintendent of E. Corr. Facility*, 806 F.3d 27, 31 (2d Cir. 2015) (internal quotations and alterations omitted) (citing cases). Petitioner's second response argues, liberally construing his assertions, that equitable tolling should save his Petition. Dkt. No. 26. Petitioner's response primarily focuses on the personal losses which he has sustained during his incarceration. *Id.* Petitioner shares that on October 26, 2020, he lost his grandmother, and that four months later, he lost his brother. *Id.* at 1-2. Petitioner explains that these personal losses, in combination with the lack of law library access, account for the delay in filing his petition. *Id.* at 1. Moreover, he explained that "[t]here was no need for grievance to get involved because the pandemic put this prison through a lot of quarantine before we were al[lowed] to do anything." *Id.* at 2. Petitioner explained that positive COVID-19 cases impacted the inmates in the facility and there was a quarantining procedure that resulted in a lot of movement back and forth between a specially

designated quarantine unit, "more than a dozen times[ d]ue to staff that continue[d] to test positive for COVID 19." *Id.* at 2. In sum, it appears that petitioner argues that any statutory limitations period that expired during COVID should automatically be equitably tolled. *Id.*

This is insufficient to satisfy the causation and reasonable diligence required for equitable tolling to apply. "There is no question that the pandemic constituted an extraordinary circumstance for the nation and the world[.]" *Mairs v. Fields*, 2021 WL 4311140, at *2 (E.D.N.Y. Sept. 22, 2021). However, Petitioner is required "not only [to] point to such extraordinary circumstances, but proffer *something*, at least, about his efforts to contend with them[.]" *Id.*

Here, the most Petitioner asserts is that he suffered two deaths in his family and that quarantine resulted in restricted law library access. However, Petitioner does not specifically articulate how two discrete and isolated incidents occurring in the fall and winter of 2020 caused his late filing or why they precluded him from timely filing his Petition prior to that point. Furthermore, Petitioner has failed to specifically indicate why he never inquired about his Petition, which he allegedly mailed in August.

Additionally, "limited access to law library facilities or legal assistance does not excuse a petition from the diligence requirement . . . This has been the case both during COVID . . . and prior to it[.]" *Mairs v. Fields*, 2021 WL 4311140, at *2 (citing *inter alia Caraballo v. United States*, 2021 WL 1062036, at *3 (S.D.N.Y. Mar. 19, 2021)). Moreover, even if restricted access during COVID was sufficient to satisfy the equitable tolling standard, anything related to the pandemic could only be attributed to the time period from March 2020 to the present. *Caraballo v. United States*, 2021 WL 1062036, at *2. Petitioner proffers no reasoning why he was unable to file the present Petition prior to March 2020, whereupon he had seven months from the date of the Court of Appeals

decision and four months from the date his conviction became final to timely file his petition. Further, despite identifying the beginning of the COVID restrictions as a reason for his delay, Petitioner also fails to include how those restrictions hindered his ability to file his Petition from March through August of 2020.

Finally, any proffered excuse for the delay is further vitiated by the content of the Petition. Petitioner recycles four arguments from his direct criminal appeal as the basis for the present petition. *See People v. Sostre*, 172 A.D.3d at 772-74 (discussing Petitioner's claims that (1) law enforcement unlawfully searched and seized Petitioner; (2) the conviction was supported by legally insufficient evidence and the conviction was against the weight of the evidence; and (3) Petitioner's counsel was constitutionally ineffective). At least half the present Petition appears to incorporate pages taken directly from Petitioner's state court motion practice. *See* Pet. at 11-14, 16-20. Therefore, "from the face of the petition . . . it took minimal time to prepare. . . . Petitioner made no legal arguments that would have required lengthy library access prior to submission. Instead he simply restated the claims that he raised in his post-conviction briefs." *Mairs v. Fields*, 2021 WL 4311140, at *3 (citing *McCowen v. Conway*, 2008 WL 123940, at *7 (E.D.N.Y. Jan. 10, 2008)). Petitioner fails to identify any type of impediment to his habeas filing from the time his direct appeal was denied by the Court of Appeals and the beginning of the pandemic. Petitioner did not need any additional information for his Petition, since the arguments that he presently proffers mirror those that he already raised in state court. Therefore, he did not have to attempt to gather any additional evidence or wait for the outcome of a different state court challenge in order to file his federal habeas action. Further, Petitioner was able to successfully get the Petition notarized in August, so it is unclear why he could not also request it be sent via certified mail at the same time. Given the

minimal preparation required, in consideration with all of the aforementioned, Petitioner's actions cannot be considered reasonably diligent.

Nor should the limitations period be equitably tolled on the ground that the Petition was only nineteen days late. This Court has consistently rejected equitable tolling even where the petition was only one or two days late. *See e.g. White v. Conway*, 2011 WL 1315592, at *6 (N.D.N.Y. Mar. 31, 2011) ("Similarly, the fact that Petitioner filed only one day late does not warrant the application of equitable tolling.") (citing cases); *Johnson v. Noeth*, 2017 WL 1379372, at *4-5 (N.D.N.Y. Apr. 14, 2017) (refusing to equitably toll a petition filed two days late).

Therefore, equitable tolling does not save Petitioner's untimely filing.

### C. Petitioner Has Not Made a Credible Showing of Actual Innocence

Courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. §2244(d)(1) in cases where a petitioner can prove actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). It is important to stress that "[o]nce guilt is . . . established . . . a federal habeas court will not relitigate the question of guilt for a state defendant who protests his actual innocence . . . [r]ather, a federal habeas court will review state convictions for constitutional error." *Hyman v. Brown*, 927 F.3d 639, 656 (2d Cir. 2019).

An actual innocence claim will be recognized only in a "narrow class of truly extraordinary cases [where a petitioner can] present[] credible and compelling claims of actual innocence." *Hyman v. Brown*, 927 F.3d at 656 (citing *Schlup v. Delo*, 513 U.S. 298, 315 (1995)) (internal quotation marks omitted); *see also House v. Bell*, 547 U.S. 518, 538 (2006) (noting that the actual innocence gateway standard is "demanding and permits review only in the extraordinary case.") (internal quotation marks omitted). "The petitioner's burden in making a gateway showing of actual

innocence is deliberately 'demanding.'" *Hyman v. Brown*, 927 F.3d at 656 (citing cases). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts or critical physical evidence–that was not presented at trial." *Schlup v. Delo*, 513 U.S. at 324; *see also Rivas v. Fischer*, 687 F.3d 514, 518 (2d Cir. 2012); *Whitley v. Senkowski*, 317 F.3d 223, 225 (2d Cir. 2003). In addition, "prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. at 327).

Here, Petitioner fails to raise, let alone present, any claim of actual innocence. Accordingly, Petitioner has not provided any information sufficient to allow him to pass through the narrow gateway for federal review of a barred claim.[5]

## V. CONCLUSION

**WHEREFORE**, it is

**RECOMMENDED** that the Petition (Dkt. No. 1) be **DENIED AND DISMISSED IN ITS ENTIRETY;** and it is further

**RECOMMENDED** that no Certificate of Appealability ("COA") issue because Petitioner has failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires;[6] and it is further

---

[5] Because the Petition has been dismissed as untimely, the Court will not discuss the merits of Petitioner's claims.

[6] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that (continued...)

**RECOMMENDED** that any further request for a Certificate of Appealability be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**RECOMMENDED** that the Clerk shall serve a copy of this Report-Recommendation and Order upon the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).

Date:   February 15, 2022
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

⁶(...continued)
jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation" (emphasis in original)).